# EXHIBIT A-1

MONROE COUNTY CLERK'S OFFICE

**THIS IS NOT A BILL. THIS IS YOUR RECEIPT.**

Receipt #

Book    Page

Return To:
RICHARD PAWELCZYK
400 Garden City Plaza, Suite 500
Garden City, NY 11530

No. Pages:  3

Instrument: EFILING INDEX NUMBER

Control #:          Unrecorded #10053535
Index #:            Unassigned-1632784

Date:

ANTEN, ROBIN

Time:

MICHAELS STORES, INC.

Total Fees Paid:                    $0.00

Employee:

State of New York

MONROE COUNTY CLERK'S OFFICE
WARNING – THIS SHEET CONSTITUTES THE CLERKS
ENDORSEMENT, REQUIRED BY SECTION 317-a(5) &
SECTION 319 OF THE REAL PROPERTY LAW OF THE
STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

JAMIE ROMEO

MONROE COUNTY CLERK



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

------------------------------------------------------------------------X

ROBIN ANTEN,

        Plaintiff,

 -against-

MICHAELS STORES, INC.,

        Defendants.

------------------------------------------------------------------X

Index No.:
Date Filed:

Plaintiff designates Monroe County
as the place of trial.

**SUMMONS**

The basis of venue is the causes of
action occurred and one or more
Defendants reside Monroe County
pursuant to CPLR §§ 503(a) and (c).

**TO THE ABOVE-NAMED DEFENDANTS:**

  **YOU ARE HEREBY SUMMONED** to answer the verified complaint in this action and

to serve a copy of your verified answer, or, if the complaint is not served with this summons, to

serve a notice of appearance on the attorneys for the plaintiff within 20 days after the service of

this summons, exclusive of the day of service (or within 30 days after service is complete if this

summons is not personally delivered to you within the State of New York). In case of your failure

to appear or answer, judgment will be taken against you by default for the relief demanded in the

complaint. Monroe County is designated as the place of trial pursuant to CPLR §§ 503(a) and (c).

Dated: Rochester, New York
   October 31, 2024

            **HORN WRIGHT, LLP**
            *Attorneys for Plaintiff*

     By: */s/ Richard Pawelczyk*
        Richard Pawelczyk
        16 West Main Street, Suite 210
        Rochester, New York 14614
        Ph: 585-325-2020
        rpp@hornwright.com

To:

1

Case 6:24-cv-06795-EAW-MJP Document 1-1 Filed 12/05/24 Page 4 of 12

MICHAELS STORES, INC.
500 Greece Ridge Center Drive
Rochester, New York 14626

2

MONROE COUNTY CLERK'S OFFICE

THIS IS NOT A BILL. THIS IS YOUR RECEIPT.

Receipt # 4082215

Book    Page    CIVIL

Return To:
RICHARD PAWELCZYK
400 Garden City Plaza, Suite 500
Garden City, NY 11530

No. Pages:  6

Instrument: COMPLAINT

Control #:        202411010643
Index #:          E2024018477

Date: 11/01/2024

ANTEN, ROBIN

Time: 12:56:24 PM

MICHAELS STORES, INC.

Total Fees Paid:                              $0.00

Employee:

State of New York

MONROE COUNTY CLERK'S OFFICE
WARNING – THIS SHEET CONSTITUTES THE CLERKS
ENDORSEMENT, REQUIRED BY SECTION 317-a(5) &
SECTION 319 OF THE REAL PROPERTY LAW OF THE
STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

JAMIE ROMEO

MONROE COUNTY CLERK

FILED: MONROE COUNTY CLERK 11/01/2024 12:07 PM
NYSCEF DOC. NO. 2                                                    RECEIVED NYSCEF: 11/01/2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

----------------------------------------------------------------------------X

ROBIN ANTEN,                                         **Index No.:**

                              Plaintiff,

              -against-                              **COMPLAINT**

MICHAELS STORES, INC.,

                              Defendant.

----------------------------------------------------------------------------X

ROBIN ANTEN, by and through her attorneys, HORN WRIGHT, LLP, as and for her Complaint against Defendant, MICHAELS STORES, INC., alleges as follows:

### NATURE OF ACTION

1.     This is an action to recover damages by Plaintiff ROBIN ANTEN against Defendant MICHAELS STORES, INC. for physical, mental, and financial injuries she suffered as a result of being injured  on the premises which is owned and/or controlled and/or maintained by Defendant and, further, that the injury was the result of the actions and/or omissions of Defendant.

2.     That this action falls within one or more of the exemptions set forth in CPLR § 1602.

### JURISDICTION AND VENUE

3.     This Court has jurisdiction as the causes of action alleged herein arose in the Town of Greece, County of Monroe, State of New York.

4.     Pursuant to CPLR § 503, venue is proper in this Court as: Plaintiff resides in the County of Monroe and Defendant MICHAELS STORES, INC. is a foreign business corporation organized and existing pursuant to the laws of the State of New York and located in the Town of Greece, County of Monroe.

1

## THE PARTIES

5.      That at all times hereinafter mentioned Plaintiff, ROBIN ANTEN ("ANTEN" or "Plaintiff") is a resident of County of Nassau, State of New York.

6.      That on September 4, 2022, and at all times herein mentioned, Defendant MICHAELS STORES, INC. ("MICHAELS" or "Defendant") was and still is a foreign business corporation organized and existing pursuant to the laws of the State of New York.

7.      Upon information and belief, on September 4, 2022, and at all times herein mentioned, Defendant MICHAELS owned, maintained, and controlled the premises located at 500 Greece Ridge Center Drive, Rochester, New York 14626.

## FACTUAL BACKGROUND

8.      That on or about September 4, 2022, and all relevant times herein mentioned, the premises known as 500 Greece Ridge Center Drive, Rochester, New York (hereinafter, referred to as the "Subject Premises") was owned, operated, managed, maintained, controlled, and/or repaired by Defendant MICHAELS, through its agents, servants, employees, and/or assigns.

9.      That on or about September 4, 2022, and all relevant times herein mentioned, it was the duty of Defendant to operate, maintain, manage, supervise, repair, and control the Subject Premises.

10.     That on or about September 4, 2022, and all relevant times herein mentioned, it was the duty of Defendant to maintain the Subject Premises in a reasonably safe condition.

11.     That on or about September 4, 2022, and all relevant times herein mentioned, Defendant had the duty to maintain the Subject Premises and the surrounding areas in a safe and proper condition, free of hazards, traps, nuisances, and defects.

2

12.     That on or about September 4, 2022, Plaintiff ANTEN was a lawful invitee at the Subject Premises.

13.     That on or about September 4, 2022, while Plaintiff ANTEN was lawfully shopping at the Subject Premises, she was caused to be cut and sustained severe and permanent personal injuries due to the dangerous and/or defective shelving at the Subject Premises.

<div align="center">

**AS AND FOR A FIRST CAUSE OF ACTION
FOR NEGLIGENCE**

</div>

14.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth a length herein.

15.     The above mentioned occurrence, and the results thereof, were caused wholly and solely by the negligence of Defendant, its agents, servants, licensees, contractors, subcontractors, employees, and other affiliates, agencies, and departments, and those acting under its direction, behest, permission, and control in the ownership, operation, designing, creating, management, maintenance, contracting, subcontracting, supervision, authorizing use, and control of the Subject Premises; in failing to properly maintain the Subject Premises; in failing to inspect said Subject Premises; in causing, permitting, and allowing a trap, hazard, and nuisance to be and exist for an excessive and unreasonable period of time, despite actual and constructive notice; in failing to take any necessary steps to alleviate said condition; in failing to undertake proper and/or adequate safety studies and/or surveys; in failing to inspect the Subject Premises specifically the shelving at the premises to be in a safe condition, one to which could not inflict harm and endangering the general public and, more particularly, Plaintiff herein; in failing to warn the general public and, more particularly, Plaintiff herein, of the subject hazard, trap, and nuisance; in permitting and allowing the aforesaid condition to exist on the Subject Premises; in failing to avoid the aforesaid accident

<div align="center">3</div>

which was foreseeable; and in being otherwise negligent, careless, reckless, and grossly negligent in the Subject Premises.

16. That, upon information and belief, Defendant had actual and constructive knowledge and notice of the unsafe and defective/dangerous condition.

17. That no negligence on the part of Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

18. That as a result of the foregoing, Plaintiff was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries, Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

19. That by reason of the foregoing, Plaintiff demands judgment against Defendant in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with interest and the costs and disbursements of this action.

Dated: Rochester, New York
October 31, 2024

<div style="margin-left:40%">

Respectfully Submitted,
**HORN WRIGHT, LLP**
*Attorneys for Plaintiff, ROBIN ANTEN*

By:  */s/ Richard Pawelczyk*

Richard Pawelczyk, Esq.
16 West Main Street, Suite 210
Rochester, New York 14614

</div>

4

Case 6:24-cv-06705-EAW-MJP   Document 1-1   Filed 12/05/24   Page 10 of 12

585-325-2020
rpp@hornwright.com

5

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** MONROE
-----------------------------------------------------------------------x
ROBIN ANTEN,

                        Plaintiff/Petitioner,

        - against -                                         Index No.E2024018477
MICHAELS STORES, INC.,

                        Defendant/Respondent.
-----------------------------------------------------------------------x
                   **NOTICE OF ELECTRONIC FILING**
                          **(Mandatory Case)**
                      (Uniform Rule § 202.5-bb)

**You have received this Notice because**:

> 1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

> 2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **<u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

                        Page 1 of 2                            6/6/18  EFM-1

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys
(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 10/31/24

Richard Pawelczyk, Esq.
Name
HORN WRIGHT, LLP

Firm Name

16 West Main Street, Suite 210
Address

Rochester, New York 14614

585-325-2020
Phone

rpp@hornwright.com
E-Mail

To:    Michaels Stores, Inc.

500 Greece Ridge Center Drive

Rochester New York 14626

Index  #                          Page 2  of 2                          6/6/18    EFM-1